IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD A. SHIARLA                                                                               PLAINTIFF

vs.                                              Civil No. 5:09-cv-05125

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Richard A. Shiarla ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF. No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on June 25, 2004.  (Tr. 13, 118).  Plaintiff alleged he was disabled due to bipolar disorder, manic depression, panic disorder, pain in his fingers, hand and feet, and sleep apnea.  (Tr. 122, 164).  Plaintiff alleged an onset date of January 1, 1997.  (Tr. 118).  These applications were initially denied on December 23, 2004 and were denied again

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

on reconsideration on May 4, 2005. (Tr. 91, 94).

On June 13, 2005, Plaintiff requested an administrative hearing on his applications. (Tr. 87). This hearing was held on October 26, 2006 in Harrison, Arkansas. (Tr. 27-86). Plaintiff was present and was not represented by counsel, at this hearing. *See id.* Plaintiff, his spouse Connie Shiarla, and Vocational Expert ("VE") Tanya Owen testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and obtained an associates degree in business. (Tr. 42).

On January 26, 2007, the ALJ entered a partially favorable decision denying Plaintiff's applications for DIB and SSI for the period prior to March 22, 2004. (Tr. 13-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1997. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the severe impairments of affective disorder, mood disorder, degenerative joint disease, and bilateral carpal tunnel syndrome. (Tr. 15, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-19). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible prior to March 22, 2004, but were credible as of March 22, 2004. (Tr. 18, 19). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that prior to March 22, 2004, Plaintiff retained the RFC to lift and/or

carry less than ten pounds frequently or twenty pounds occasionally; stand six hours in an eight-hour work day; and perform work which allowed superficial contact with co-workers. (Tr. 16, Finding 5). The ALJ also determined that as of March 22, 2004, Plaintiff's medication, which was extremely sedative, would cause Plaintiff to be absent from work two times per month and he could not maintain a regular pace. (Tr. 16, Finding 6).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 20, Finding 7). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 43-59). Based upon this testimony, the ALJ determined, considering his RFC, Plaintiff would not be able to perform his PRW. (Tr. 20, Finding 7).

The ALJ then evaluated whether, considering his age, education, work experience, and RFC, Plaintiff would to be able to perform other work existing in significant numbers in the national economy prior to March 22, 2004. (Tr. 20-21, Findings 11, 12). The VE testified at the administrative hearing regarding this issue. (Tr. 80-82). Specifically, the VE testified that given all these factors, a hypothetical person would be able to perform work as a housekeeper (1,400 such jobs in Arkansas and 409,000 such jobs in the national economy), and work as a mail clerk (450 such jobs in Arkansas and 79,000 such jobs in the national economy). (Tr. 81). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, prior to March 22, 2004. (Tr. 21, Finding 13). However, the ALJ then determined that as of March 22, 2004, when considering his age, education, work experience, and RFC, Plaintiff would not be able to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 12). Based upon this, the ALJ determined Plaintiff had been under a disability, as defined by the Act, as of

March 22, 2004. (Tr. 21, Finding 13).

On February 27, 2007, Plaintiff requested that the Appeals Council review the ALJ's partially favorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On September 19, 2008, the Appeals Council declined to review the ALJ's decision. (Tr. 5-7). On June 29, 2009, Plaintiff filed the present appeal. ECF. No. 1. The parties consented to the jurisdiction of this Court on July 16, 2009. ECF. No. 5. Both parties have filed appeal briefs. ECF. Nos. 17, 18. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming: (1) the ALJ failed to properly consider the combined effects of Plaintiff's impairments, (2) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain and erred in his evaluation of Plaintiff's credibility, (3) the ALJ erred

in his RFC determination of Plaintiff, and (4) the ALJ failed to properly develop the record. In response, Defendant argues: (1) the ALJ  properly consider the combined effects of Plaintiff's impairments, (2) the ALJ properly considered Plaintiff's subjective complaints of pain, (3) the ALJ properly determined Plaintiff's RFC, and (4) the ALJ properly developed the record.

SSI benefits are not payable prior to the date of application. *See* 20 C.F.R. § 416.335. Plaintiff filed his application for SSI on June 25, 2004.  (Tr. 13).  The ALJ issued a partially favorable decision and found Plaintiff disabled as of March 22, 2004. (Tr. 21, Finding 13). Because Plaintiff is not entitled to SSI benefits before his application date of June 25, 2004, his entitlement to SSI benefits is not an issue in this matter.

Plaintiff filed for DIB on June 25, 2004, alleging disability since January 1, 1997.  (Tr. 99-102). Plaintiff has the burden of establishing a disabling condition before the expiration of his insured status. *See* 20 C.F.R. §§ 404.101, 404.131. The ALJ found Plaintiff's date last insured was December 31, 1998.  (Tr. 15, Finding 1).  Therefore, for Plaintiff's DIB application, the relevant period of time is from January 1, 1997 to December 31, 1998. As a result, Plaintiff must establish his disability began prior to December 31, 1998.

### A.  Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of his impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing

6

these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.*" (Tr. 16, Finding 4) (emphasis added). The ALJ also evaluated Plaintiff's medical records, examined Plaintiff's impairments, and found Plaintiff had a combination of severe impairments. (Tr. 16-20). These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged he suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### B. Credibility Determination

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

8

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In her opinion, the ALJ addressed the factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 17-19). Specifically, the ALJ noted the following: (1) the dosage, effectiveness, and side effects of Plaintiff's medication was not indicative of disability, (2) although Plaintiff's work did not rise to the level of substantial gainful activity, Plaintiff worked during the relevant period, (3) Plaintiff's daily activities are inconsistent with his subjective complaints of pain and, (4) Plaintiff's failure to follow a prescribed course of medical treatment. (Tr. 17-19).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### C. RFC Determination

Plaintiff claims the medical evidence does not support the ALJ's RFC finding that Plaintiff could perform work at the light level. Defendant claims substantial evidence supports the ALJ's RFC determination of decision of Plaintiff.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for her RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians

and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform work at the light level which included the ability to lift and carry less than ten pounds frequently and twenty pounds occasionally and stand and walk for a total of six hours in an eight-hour workday. (Tr. 16, Finding 5). The ALJ also found Plaintiff was able to perform work that allowed superficial contact with coworkers and the public, was able to be learned by experience, and did not require direct supervision for routine tasks. (Tr. 16, Finding 5).

The ALJ found Plaintiff's medical evidence did not support a claim of disabling impairment. (Tr. 18). As discussed above, for Plaintiff to be entitled to DIB, he must establish he was disabled prior to December 31, 1998, which was his date last insured. (Tr. 21). The medical record does not include any medical evidence to support a disability prior to December 31, 1998. (Tr. 179-409). The first report of medical evidence is from July 17, 2002. (Tr. 240-244).

The ALJ also noted that no physician placed any functional restrictions on Plaintiff's activities that would preclude Plaintiff from performing light work. (Tr. 18). Plaintiff has the

burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

### D. Duty to Fully Develop the Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff's only argument is the ALJ should "investigate all matters in issue and develop the comprehensive record required for a fair determination of disability". ECF No. 17, Pg. 18. Defendant argues substantial evidence shows the ALJ met her duty to fairly develop the record.

To begin with, Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The record in this

matter is 416 pages and contains sufficient evidence for the ALJ to make an informed decision.

Furthermore, the ALJ also fulfilled her duty to develop the facts by questioning Plaintiff and his spouse about his education, training, work history, job duties, daily routine, and physical limitations. (Tr. 42-80). In addition, the ALJ questioned Plaintiff and his spouse about Plaintiff's symptoms, ailments, medical history, and medications. (Tr. 42-80). This questioning was more than 30 pages of testimony regarding Plaintiff's functional abilities and limitations; frequency of his pain and symptoms; treating physicians; medication; and daily activities. (Tr. 42-80).

Additoanlly, the record in this matter contains medical reports from VA hospitals, as well as evaluations from two consultative examiners, and numerous assessments from non-examining state agency medical consultants. (Tr. 179-409). Plaintiff has failed to show how any further action on the part of the ALJ would provide evidence of Plaintiff's condition prior to December 31, 1998, which is the relevant time period for Plaintiff's remaining claim.

Finally, Plaintiff has failed to show he was in anyway prejudiced or treated unfairly by the ALJ, if the record was not in fact fully and fairly developed.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of October, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE